UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONDA RENE PICKERING,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 13-cv-258-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

  BEFORE THE COURT are cross-motions for summary judgment. ECF No. 16, 19. The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 19**.

### JURISDICTION

  Pickering applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on May 6, 2009. She alleged onset beginning November 1, 2008 (Tr. 115, 232-34: DIB, Tr. 235-37: SSI). Benefits were denied initially and on reconsideration (Tr. 86-88, 90-94). ALJ Donna Shipps held the first hearing November 3, 2010 (Tr. 43-85) and issued an unfavorable decision on November 18, 2010 (Tr. 115-124). The Appeals Council granted review on

ORDER - 1

September 6, 2011, vacated the decision and remanded for further development and a new hearing. The ALJ had indicated Pickering could perform past work as an agricultural produce sorter, but the record did not establish this was performed at the level of substantial gainful activity (Tr. 129-31). A second hearing was held February 28, 2012 (Tr. 88-107). At this hearing Pickering amended the onset date to March 19, 2009. The ALJ incorporated by reference the testimony from the first hearing. She found Pickering's past work as a produce sorter had been performed at less than SGA levels, and corrected this error from the first decision (Tr. 89-91, 97). On March 16, 2012, ALJ Shipps issued an unfavorable decision (Tr. 21-31). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 12, 2013. ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decisions and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

Pickering was 46 years old at onset and 50 when she testified at the second hearing. She graduated from high school and worked as a certified nursing assistant (CNA) for more than nineteen years. In November 2011 she successfully passed the state CNA test. She alleges disability based on mental limitations (Tr. 29, 76, 95, 99, 263, 273, 388).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of

ORDER - 2

such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work

ORDER - 3

in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir.

ORDER - 4

1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

**A**LJ Shipps found Pickering was insured through December 31, 2010 (Tr. 21, 23). At step one, the ALJ found Pickering did not work at SGA levels after onset on November 1, 2008 (Tr. 23) [The ALJ did not use the amended onset date of March 19, 2009, Tr. 90-91, but this error appears to benefit claimant]. At steps two and three, she found Pickering suffers from borderline intellectual functioning, an impairment that is severe but does not meet or medically equal a listed impairment (Tr. 23-25). The ALJ found depressive disorder is nonsevere (Tr. 23). She found Pickering less than fully credible, able to perform a range of work at all exertion levels but limited by mental impairments (Tr. 25-29). At step four, relying on a vocational expert's testimony, the ALJ found Pickering is unable to perform any past relevant work (Tr. 29). At step five, she found there are other jobs Pickering can perform, such as small products assembler, small parts and products

ORDER - 5

inspector and packing line worker. The ALJ concluded Pickering was not disabled from November 1, 2008 through date of the current decision, March 16, 2012 (Tr. 30).

**ISSUES**

Pickering alleges the ALJ rejected an examining source's opinion without giving specific and legitimate reasons. She alleges the ALJ should have found at step three that she meets Listing 12.05C. Last, she alleges the ALJ's hypothetical failed to include assessed social and intellectual limitations. ECF No. 16 at 10-18. The Commissioner responds that the decision is free from harmful error and based on substantial evidence. She asks the Court to affirm. ECF No. 19 at 4.

**DISCUSSION**

*A. Psychological limitations*

Pickering alleges the ALJ failed to give legitimate reasons for rejecting the April 2009 opinion of Mahlon Dalley, Ph.D. ECF No. 16 at 10-13, referring to Tr. 331-40. The Commissioner responds that the ALJ's reasons for failing to credit the examining source's contradicted opinion are specific, legitimate and supported by substantial evidence. ECF No. 19 at 8-14.

Pickering alleges the ALJ gave four invalid reasons for rejecting Dalley's opinion: (1) assessed cognitive limitations are inconsistent with the ability to work in the past; (2) assessed social limitations are not supported by other evidence in the record and (3) Dalley's use of a check-box form "predicated on self-report for secondary gain," together with differing definitions of limitations between agencies, decrease the opinion's reliability. ECF No. 16 at 11; Tr. 123. The Commissioner answers that these are legitimate reasons supported by substantial evidence; further, the ALJ gave an additional valid reason for rejecting Dalley's opinion and not mentioned by Pickering: the opinion appears based at least in part on Pickering's less than credible self- report. Pickering does not contest the ALJ's

ORDER - 6

adverse credibility finding on appeal, making it a verity. ECF No. 19 at 9, citing Tr. 27.

The Commissioner is correct.

The ALJ found Pickering less than credible for several legitimate reasons. She was dishonest with Dr. Dalley about her history of substance abuse. In April 2005 2005 she told Dr. Dalley she used methamphetamine two months earlier, in February 2005. In January 2011 she claimed she had been clean for five years. At the second hearing, in February 2012, she testified she last used drugs five or six years ago. In June 2011 Pickering admitted she used methamphetamine "every couple days." She used in July 2011 but reported that month she had been clean for two years.

At the time of Dalley's March 2009 evaluation, Pickering did not take psychotropic medication and was not participating in mental health treatment, despite allegations of allegedly severe anxiety and depression. At the first hearing in 2010 Pickering testified she had been taking antidepressants since September 2009 and it helped her depression. In January 2011 Pickering admitted "she comes to counseling for depression because DSHS requires it." By late 2011, on her own and without explanation, she stopped taking the medication and did not report an increase in depressive symptoms (Tr. 26-28, 100, 121, 315, 331-32, 354, 385, 395, 402, 416, 430, 444, 464, 501, 504, 506, 511, 527, 541, 543, 552, 554, 557, 562).

These are clear and convincing reasons supported by substantial evidence for finding Pickering less than credible, and for discounting Dr. Dalley's opinion to the extent it is based at least in part on claimant's unreliable self-report. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (failure to challenge credibility assessment in opening brief waives on appeal); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (inadequately or unexplained failure to seek treatment, and unexplained noncompliance with treatment, negatively

ORDER - 7

affect credibility); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (an opinion based on unreliable self-reporting is properly rejected).

Dr. Dalley assessed marked cognitive limitations, but this is inconsistent with Pickering's ability to work as a CNA for at least nineteen years, as she reported in 2005 (Tr. 28, 388, 509). It is also inconsistent with the ability to successfully pass the state CNA test in 2011. Similarly, Dalley's assessed marked social limitations are contradicted by the record. At the first hearing in 2010, Pickering testified she has a few friends, they shop for her and she socializes two to three times a week. The ALJ notes the record shows claimant has had a series of boyfriends during the relevant timeframe, further indicating less than marked social limitations (Tr. 26, 28, 81-83, 99; *see also* Tr. 253, 284, 453, 477, 492, 494, 520, 522, 526, 530, 539, 550, 553, 562). *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (activities inconsistent with claimed limitations diminish credibility); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (the ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings).

The ALJ appropriately considered a motive for secondary gain. After Pickering tested positive for drugs in 2005, she did not work for more than three years prior to the [earliest] alleged onset date in 2008. The ALJ observes this raises the question whether current unemployment is truly the result of medical problems. Pickering told her counselor "My lawyer doesn't want me to work because of my SSI and my disabilities." (Tr. 26, 28, 311, 319, 332, 383, 524). An ALJ may certainly consider motivation and the issue of secondary gain in rejecting symptom testimony *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1988). The ALJ's findings are upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Dalley's assessed marked limitations are inconsistent with mild findings on examination, with Dalley's own conclusion Pickering did not meet the full criteria for major depressive disorder, and with the ability to work as a CNA for at least nineteen years even with BIF (Tr. 27, 123, 336, 339, 388).

The ALJ is correct. Dr. Dalley notes Pickering was oriented "times four," scored 29 of 30 on the Mini-Mental Status Exam, spelled world backwards and recalled three of three items on a test for short delayed memory (Tr. 120, 332-33). His testing in 2005 yielded similar results (Tr. 386). Dalley opined in 2009 Pickering did not meet the full criteria for major depressive disorder. Dr. Martin testified this indicates a "fairly mild level of depression with some symptoms." (Tr. 58, 336). Any opinion that is brief, conclusory and, as here, inadequately supported by clinical findings is properly rejected. *See Bayliss v. Barnhart*, 427 F.3d at 1216. Internal inconsistencies constitute relevant evidence when the ALJ weighs medical opinions. The ALJ is responsible for resolving conflicts in medical testimony, and resolving ambiguity. *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); Magallanes, 881 F.2d 747, 751, 755 (9th Cir. 1989).

*B. Step three*

Pickering alleges the ALJ should have found she meets Listing 12.05C. ECF No. 16 at 13-16. The Commissioner answers that Pickering meets only one of the requirements set out in the listing. An IQ between 60 and 70 is required under the first prong of the Listing. The parties agree Ms. Pickering's IQ of 65 meets the first requirement. ECF No. 19 at 15-18; Tr. 24, 334.

The second prong requires establishing that "the individual has a physical or other mental impairment imposing an additional and significant work-related limitation of function." Pickering alleges she suffers depression and this meets the second prong of the two-pronged test for Listing 12.05C.

ORDER - 9

It is a claimant's burden to show a Listing is met. *Tackett v. Apfel*, 180 F. 3d 1094, 1098-1099 (9th Cir. 1999). Pickering fails to meet this burden because she does not meet the second prong.

At the first hearing in 2010, Marian Martin, Ph.D., testified Pickering did not meet the second prong of the test (Tr. 53-55). In addition to Dr. Martin's opinion, the ALJ relied on Pickering's ability to work as a certified nurse's assistant for at least nineteen years, even with borderline intellectual functioning. The ALJ relied on claimant's unexplained failure to maintain medication compliance and treatment for allegedly severe depression. The ALJ notes treatment of depression with medication has been successful in the past. The ALJ found Pickering less than fully credible (Tr. 49, 59, 61-62, 67-68, 21-23).

The evidence shows activities incompatible with the severity of claimed limitations, including (as noted) the ability to work for many years even with BIF. The ALJ observes Pickering was not fired from her jobs as a CNA due to mental limitations from BIF or depression; she was fired because urinalysis showed drug use. The ALJ notes depression has at times been situational, such as after Pickering's adult children moved out and during her mother's illness. In November 2011 Pickering passed the state CNA test, further indication that despite BIF she does not have "a physical or other mental impairment imposing an additional and significant limitation of function," as required to meet this Listing (Tr. 27, 95, 97-100, 331, 385). Significantly, in 2005 Dr. Dalley notes Pickering's presenting problem is vocational distress, but it "has had no significant effect on [her] work performance, personal relationships, or heath. Other concurrent problems include depression and drug abuse." He observes Pickering does not appear to exhibit significant deficits in her adaptive functioning (Tr. 383, 388).

The record does not support a different step three finding. Pickering fails to point to any evidence showing greater limitations than those assessed by the ALJ.

ORDER - 10

The litany of individual record references at ECF No. 16 at 15-16 reflects Pickering's own discredited alleged symptoms and isolated record references to depression and anxiety that fall far short of establishing her impairments meet Listing 12.05C.

*C. Step five*

Last, Pickering alleges the ALJ's hypothetical was improper because it failed to include limitations assessed by a reviewing doctor in 2009. ECF No. 16 at 16-18, referring to Tr. 367, 379. The Commissioner responds that the ALJ's step five analysis was proper. ECF No. 19 at 18-20.

An ALJ's hypothetical must only include those limitations supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). The ALJ properly weighed the evidence. Her hypothetical included the limitations supported by substantial evidence. There was no error at step five.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 16, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 13th day of June, 2014.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE
